**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                                              )
                                                                              )
**CELLCO PARTNERSHIP d/b/a**                  )
**VERIZON WIRELESS,**                               )
                                                                              )
    **Plaintiff,**                                           )
                                                                              )
v.                                                                          )   **Civil Action No.:**
                                                                              )
**BEACON HILL ARCHITECTURAL COMMISSION;** )
**MIGUEL ROSALES, PAUL J. DONNELLY,**    )
**JOEL PIERCE, P.T. VINEBURGH, and DANIELLE** )
**SANTOS,** as members and alternate members of the )
Beacon Hill Architectural Commission; and **THE** )
**CITY OF BOSTON, MASSACHUSETTS,**        )
                                                                              )
    **Defendants.**                                       )
                                                                              )
_____)

## COMPLAINT

### Introduction

1.    This is an action for declaratory relief, damages, and mandamus brought pursuant to the Telecommunications Act of 1996, 47 U.S.C. § 332 ("TCA"). Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Plaintiff" or "Verizon Wireless") seeks a declaration that Defendants' denial of Verizon Wireless's Application for a Certificate of Appropriateness ("COA") for installation of a personal wireless services facility, consisting of antennas and related equipment on the rooftop of a building located at 37-41 Bowdoin Street, Boston, Massachusetts, violates the TCA and Verizon Wireless' constitutional rights. Defendants' unlawful acts entitle Verizon Wireless to an order of mandamus compelling Defendants to act in accordance with their duties and grant Verizon Wireless's request for a COA, among other matters.

19786323-v4

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under the laws of the United States, specifically, 47 U.S.C. §332(c)(7), which provides that "anyone adversely affected by any final action or failure to act by local government that is inconsistent with the limitations [of the TCA] may seek review in any court of competent jurisdiction and the court shall hear and decide such action on an expedited basis."

3. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) because all of the Defendants reside in this District and all events or omissions giving rise to this action occurred within this District.

**Parties**

4. Plaintiff Verizon Wireless is a general partnership organized under Delaware law, with its principal place of business at 180 Washington Valley Road, Bedminster, New Jersey.

5. Defendant City of Boston, Massachusetts (the "City" or "Boston") is a municipal corporation existing under the laws of the Commonwealth of Massachusetts.

6. Defendant the Beacon Hill Architectural Commission ("Commission") is an instrumentality of the City of Boston that has the authority to issue COAs pursuant to Section 7 of Chapter 616 of the Acts of 1955, as amended (the "Act").

7. Defendant Miguel Rosales ("Rosales") is an individual who resides at 84 Mount Vernon Street, Boston, Massachusetts 02108-1302, and was at all times material to this action, a member of the Commission, and is being named in that capacity. Rosales acted as the chair of the Commission during the hearing on Verizon Wireless' Application for a COA.

8.      Defendant Paul J. Donnelly ("Donnelly") is an individual who resides at 65 Anderson Street, Apartment 1A, Boston, Massachusetts 02114-4353, and was at all times material to this action, a member of the Commission, and is being named in that capacity.

9.      Defendant Joel Pierce ("Pierce") is an individual who resides at 19 Garden Street, Boston, Massachusetts 02114-3702, and was at all times material to this action, a member of the Commission, and is being named in that capacity.

10.     Defendant P. T. Vineburgh ("Vineburgh") is an individual who resides at 60 Charlesgate W Apt. 1A, Boston, Massachusetts 02215-2103, and was at all times material to this action, a member of the Commission, and is being named in that capacity.

11.     Defendant Danielle Santos ("Santos") is an individual who resides at 2963A Washington Street, Roxbury, Massachusetts 02119-1201, and was at all times material to this action, an alternate member of the Commission, and is being named in that capacity.

**Factual Background**

12.     Verizon Wireless is a Personal Wireless Service ("PWS") provider, as defined in the TCA, and is licensed by the Federal Communications Commission ("FCC") to provide service to an area that includes the City of Boston, Massachusetts (the "License Area").

13.     Verizon Wireless's network functions by exchanging low power signals between the user's wireless device and a Verizon Wireless communications facility at a fixed location known as a PWS facility or a "cell site." A cell site consists of one or more antennas mounted on a building, tower, pole or other structure, along with radio and power equipment, and related cabling.

14.     A cellular network like the one operated by Verizon Wireless is an interlinked system consisting of many individual cell sites, each serving a discrete geographic area or "cell."

The location of each cell site is selected with consideration for radio frequency ("RF") engineering principles and overall network design so that it will most effectively serve the targeted geographic area and also function properly with respect to existing and planned cell sites in the surrounding area.  In addition to questions of site availability and feasibility, there are a number of technical factors bearing on where to construct a cell site.  These include feasible antenna heights, population and service demands, topographical features, and the site's distance from and location with respect to other existing and proposed cell sites in the network.

15. Employing RF engineering principles, Verizon Wireless's RF engineers determined that Verizon Wireless requires a cell site in the area of Bowdoin Street and Ashburton Place in the Beacon Hill neighborhood of Boston in order to fill a significant gap in its wireless services. This gap in service prevents Verizon Wireless customers from reliably and consistently initiating, receiving, or sustaining calls and data transmissions when located within or traveling through this area of Boston.  The affected area contains the parking lot behind the Massachusetts State House, various offices, businesses and residences, and heavily traveled local roads and sidewalks.

16. Verizon Wireless identified an existing building located at 37-41 Bowdoin Street, in the Beacon Hill section of Boston (the "Property") as a suitable and feasible available location for a PWS facility to address the area for which coverage is needed.  The Property is a multistory residential building in the 11-2-65 Boston Proper Multifamily Residential zoning subdistrict and is also located in the Historic Beacon Hill District as established under the Act.

17. The Property is owned by Bowdoin Manor Housing Inc., which is a not for profit corporation.  On or about January 9, 2018, Verizon Wireless entered into a building and rooftop

lease agreement with Bowdoin Manor Housing Inc. for the installation, operation, and maintenance of the PWS facility.

18. In order to install its PWS facility on the Property, Verizon Wireless needs to obtain a building permit from the City of Boston Inspectional Services Department ("ISD"). In order to obtain a building permit, Verizon Wireless first needed to obtain a Conditional Use Permit. On or about May 30, 2017, Verizon Wireless filed an application (for Permit #ALT-714335) with ISD ("ISD") to install a rooftop PWS facility at the Property. In its application, Verizon Wireless proposed to install two sectors with two antennas in each sector, and associated equipment including four remote radio heads (two per sector), and two junction boxes, along with an equipment platform with a GPS antenna mounted on it, together with two equipment boxes, a gas back-up generator, fiberglass screen walls, and cables for connection to the building's existing telecommunication system.

19. On or about June 23, 2017, ISD issued a letter denying this application on the grounds that the installation requires a conditional use permit under Boston Zoning Code Article 86 Section 6. On or about June 27, 2017, Verizon Wireless appealed the Building Commissioner's denial of its application to the City of Boston Board of Appeal ("Board of Appeal"), seeking the necessary Conditional Use Permit.

20. As part of the pre-hearing community review process, the Beacon Hill Civic Association reviewed the Verizon Wireless proposal to install the PWS facility at the Property. According to its website, the Beacon Hill Civic Association is a 501(c)3 non-profit corporation with a "mission to preserve and enhance the quality of life on Beacon Hill." As a result of its review, the Beacon Hill Civic Association voted not to oppose the proposed Verizon Wireless PWS facility at the Property.

21.     After consideration of all of the facts and evidence presented at the public hearing held on February 27, 2018, the Board of Appeal determined that Verizon Wireless met all conditions required for the granting of a Conditional Use Permit under Article 6, Section 6-3 of the Boston Zoning Code and voted to grant the requested Permit in a decision dated February 27, 2018.  In authorizing the Verizon Wireless PWS facility at the Property, the Board of Appeal made the findings required under Section 6-3 of the Boston Zoning Code, including that the specific site is an appropriate location for the use, that the use will not adversely affect the neighborhood, and that no nuisance will be created by the use.  The Board of Appeal explicitly stated that granting zoning relief for the proposed PWS facility "will have no negative impact on the surrounding area." The Board of Appeal filed its decision with ISD on or about April 13, 2018.  A true and correct copy of this decision is attached to this complaint as Exhibit 1.

22.     The Property is located within the boundaries of the Historic Beacon Hill District, which was created by the Act.  Section 5 of the Act states that "[n]o permit shall be issued by the building commissioner for the construction of any structure in the Historic Beacon Hill District or the reconstruction, alteration or demolition of any structure now or hereafter in said district…unless the application for such permit shall bear a certificate under section six of this act that no exterior architectural feature is involved or shall be accompanied by a certificate of appropriateness issued under section seven of this act…"  The proposed PWS facility involves changes to the exterior of the building; albeit only to an area of the rooftop adjacent to the existing rooftop penthouse, not to the façade of the building or to any architecturally significant features.  Therefore, in addition to the zoning relief the Board of Appeal granted, Verizon Wireless was also required to obtain a COA from the Commission.

23.     Verizon Wireless filed its first application for a COA ("First COA Application") with the Commission on or about August 15, 2018.  On or about November 15, 2018, the Commission held a hearing on the First COA Application.  The Commission asked Verizon Wireless to reduce the visibility of the rooftop enclosure for the PWS facility by lowering its profile and moving it further away from the edge of the roof.   The Commission also asked whether Verizon Wireless had explored locations across the street from the Property outside of the Historic Beacon Hill District.  The Commission voted 4-0 to deny the First COA Application without prejudice.

24.     On February 22, 2019, the Commission issued a decision denying the First COA Application without prejudice, stating that "the proposed work is visible from a public way, and inconsistent with the Commission's guidelines which require rooftop antennae to be located out of public view."  A true and correct copy of this decision is attached hereto as Exhibit 2.

25.     In response to the Commission's comments at the hearing and in the decision, Verizon Wireless re-evaluated the design of its PWS facility and concluded, based on RF engineering considerations, that it had already been reduced in height and moved back from the edge of the roof to the greatest extent possible without compromising its ability to provide the needed wireless service.  In order to better demonstrate the lack of visual impact from the proposed PWS facility, Verizon Wireless installed a mock-up of the proposed PWS installation on the rooftop and then conducted a photographic study demonstrating that the proposed PWS facility would not be visible from most of Bowdoin Street or from any other public location in the Historic Beacon Hill District except, at a distance, from a small area at the intersection of Derne Street and Bowdoin Street.

26. On or about May 23, 2019, Verizon Wireless filed a new COA Application ("Second COA Application") with the Commission, including the photographic study. The Commission held a hearing on the Second COA Application on June 20, 2019. At this hearing, the attorney representing Verizon Wireless attempted to present the revised plans for the PWS facility and the legal justification for the Commission to approve these plans, however, the chair of the Commission did not let him finish his presentation. The chair stated that if the PWS facility was visible at all, it would be denied. The chair also informed Verizon Wireless that there was nothing that Verizon Wireless could do to revise the design of the PWS facility so that it would be approved by the Commission. He also expressed the view that all PWS facilities should be located outside of the Historic Beacon Hill District.

27. On or about August 16, 2019, the Commission issued its written decision denying the Second COA Application ("Decision"). The Decision purported to justify the denial on the basis that "the proposed work was too visible and inconsistent with the guidelines which state communications antennae should be located out of public view." A true and correct copy of this Decision is attached hereto as Exhibit 3.

28. The Commission has approved other PWS facilities for other wireless providers that are located in the Historic Beacon Hill District and visible from public locations, some of which are considerably more visible than the proposed Verizon Wireless PWS at the Property. The Commission approved an installation at 15-27 Myrtle Street a/k/a 32-34 Joy Street that is visible at the intersection of Bowdoin and Derne Streets and also visible from the Massachusetts State House, Ashburton Park and the Massachusetts Law Enforcement Memorial. The Commission approved an installation at 66 Beacon Street, near the intersection of Beacon and Charles Streets, that included more antennas than Verizon Wireless has proposed and a larger

screen wall.  This location is visible along both Charles and Beacon Street.  The Commission also approved an installation at the Union Boat Club at 144 Chestnut Street consisting of a large cylindrical pole with antennas mounted inside.  The pole is a dominant feature of the building, which is located in the Historic Beacon Hill District, and is visible from numerous locations within the district and at other sensitive locations in the nearby Esplanade.

29.    The Property that Verizon Wireless proposes to use for its PWS facility is on the north side of Bowdoin Street.  The south side of Bowdoin Street is outside the Historic Beacon Hill District; however, the buildings on that side of Bowdoin Street are high rise office buildings — including the state office building at One Ashburton Place and the office building at 100 Cambridge Street, both of which are approximately 400 feet tall.  A rooftop installation on a building that tall would not be effective at providing wireless service to the target area.  In fact, there is no suitable location outside of the Historic Beacon Hill District from which Verizon Wireless can provide service to the intended geographic area.

30.    Under the TCA, any decision by a state or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by *substantial evidence contained in a written record.*  (Emphasis added).  The Commission's Decision is not supported by substantial evidence in the written record.  The Decision ignores the overwhelming weight of the competent and legally cognizable evidence submitted by Verizon Wireless.

31.    Verizon Wireless is a personal wireless service provider as described in the TCA, is licensed by the FCC, and is therefore entitled to the protections of the TCA.  Verizon Wireless's request for the issuance of a COA constitutes a request to construct a PWS facility, and the denial of this request is therefore subject to the TCA.

## COUNT I
### (Violation of TCA for Prohibiting or Having the Effect of Prohibiting PWS)

32. Plaintiff's allegations contained in paragraphs 1 through 31 above are incorporated by reference as if fully set forth herein.

33. The TCA states that the "regulation of the placement, construction and modification of personal wireless service facili[ties] by any state or local government or instrumentality thereof . . . (II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services."

34. Through the Decision, the Commission has prevented Verizon Wireless from locating a PWS facility at the most suitable and feasible location for addressing the gap in its service in the area of Bowdoin Street and Ashburton place.

35. The effect of the Commission's denial is to prohibit Verizon Wireless from expanding its personal wireless services to its customers in the areas of certain existing coverage gaps, in violation of 47 U.S.C. §332 (c) (7) (B).

36. The Commission's denial of the First COA Application and the Second COA Application (collectively the "COA Applications"), evidence a hostility towards PWS infrastructure and a de facto intent and policy to prohibit further PWS installations in Beacon Hill, in contravention of the TCA. This intent and policy is particularly clear in light of the statements made by its chairman at the hearing on the Second COA Application indicating that PWS facilities should be located outside the District.

37. Moreover, the Commission has implemented an unreasonable and legally and technically unsupported "guideline" requiring that the PWS facility must be located completely

out of public view and has interpreted that to preclude an installation hidden behind a screen wall that is visually compatible with the existing rooftop penthouse equipment.

38.  Verizon Wireless has been harmed as a result of this violation.

39.  For the foregoing reasons, Verizon Wireless is entitled to a declaration that the Commission and the City have violated the TCA by effectively prohibiting Verizon Wireless from providing personal wireless services, and that the Commission's denial of Verizon Wireless's Second COA Application violates the TCA.  Verizon Wireless is further entitled to an order of mandamus directing the Commission to grant the COA.

## COUNT II
### (Violation of TCA Because Denial Not Supported by Substantial Evidence)

40.  Plaintiff's allegations contained in paragraphs 1 through 39 above are incorporated by reference as if fully set forth herein.

41.  The TCA requires that decisions to deny a request to "place, construct or modify" a personal wireless services facility, such as the one proposed by Verizon Wireless, must "be supported by substantial evidence contained in a written record."  47 U.S.C. § 332(c)(7)(B)(iii).

42.  There is not substantial evidence in the written record to support the Commission's denial of the Second COA Application presented at the hearing or in the record before the Commission.  In fact, the only evidence in the record before the Commission showed that the visual impact of the proposed PWS facility would be minimal, had been appropriately mitigated, would affect only a very small area of the public realm, and would be less visible than installations that the Commission had previously approved.  The evidence also showed that the Board of Appeal and the Beacon Hill Civic Association had previously determined that the proposed PWS facility was not objectionable.

43. The Commission's failure to support its Decision by "substantial evidence contained in a written record" constitutes a violation of 47 U.S.C. §332 (c)(7)(B).

44. The TCA vests this Court with authority to grant mandamus relief if such relief would be warranted under the circumstances.

45. In light of the foregoing, Verizon Wireless is entitled to a declaration that the Commission's failure to base its Decision to deny the Second COA Application on substantial evidence in a written record violates the TCA. Verizon Wireless is also entitled to an order of mandamus directing the Commission to approve the Second COA Application.

## Count III
**(Violation of TCA Because of Discrimination Between Similarly Situated Carriers)**

46. Plaintiff's allegations contained in paragraphs 1 through 45 above are incorporated by reference as if fully set forth herein.

47. The TCA at 47 U.S.C. § 332(c)(7)(B)(i)(I) prohibits municipalities from discriminating among functionally equivalent providers of personal wireless services.

48. The Commission has approved the installation of PWS facilities within the Historic Beacon Hill District that are far more visible than the proposed Verizon Wireless PWS facility, yet the Decision denies Verizon Wireless's Second COA Application on the basis that it is "too visible" and that PWS facilities "should be located out of public view."

49. The Decision denying approval of the Verizon Wireless PWS facility at the Property discriminates against Verizon Wireless in favor of other functionally equivalent service providers who have previously been granted COAs to install antennas and equipment in the Historic Beacon Hill District.

50. The Commission's denial of Verizon Wireless' Second COA Application constitutes a violation of 47 U.S.C. § 332 (c)(7)(B)(i)(I).

51. Verizon Wireless is entitled to a declaration that the Commission's failure to apply the same standards to Verizon Wireless as it did other similarly situated carriers violates the TCA.  Verizon Wireless is also entitled to an order of mandamus directing the Commission to grant the Second COA Application.

**WHEREFORE**, Plaintiff Cellco Partnership d/b/a Verizon Wireless respectfully requests the following relief:

1. An expedited review of the matters set forth in this Complaint, as provided by the Telecommunications Act of 1996, Pub. L. 104-104, § 704, 110 Stat. 56, codified at 47 U.S.C. § 332(c).

2. A declaration that the Commission's denial of Verizon Wireless's COA Applications violated the Telecommunications Act of 1996, 47 U.S.C. § 332(c)

3. An order annulling the Commission's Decision denying approval of the Second COA Application.

4. An order of *mandamus* directing the City and the Commission to issue the necessary approval to allow Verizon Wireless to locate the proposed PWS facility at the Property.

5. Such further relief as the Court may deem appropriate and proper.

**PLAINTIFF,
CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS,**
By their attorneys,

/s/ Michael S. Giaimo
Michael S. Giaimo (BBO #552545)
mgiaimo@rc.com


/s/ Danielle Andrews Long
Danielle Andrews Long (BBO #646981)
dlong@rc.com
Robinson & Cole LLP
One Boston Place, Floor 25
Boston, MA  02108-4404
(617) 557-5900

Dated:  September 12, 2019