**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 1:19-CV-11936-NMG

| |
|---|
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS<br><br>    Plaintiff,<br><br>    v.<br><br>BEACON HILL ARCHITECTURAL COMMISSION; MIGUEL ROSALES, PAUL J. DONNELLY, JOEL PIERCE, P.T. VINEBURGH, and DANIELLE SANTOS, as members and alternate members of the Beacon Hill Architectural Commission; and the CITY OF BOSTON, MASSACHUSETTS<br><br>    Defendants. |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

The Defendants, Beacon Hill Architectural Commission (the "Commission"); Miguel Rosales, Paul J. Donnelly, Joel Pierce, P.T. Vineburgh, and Danielle Santos, as members and alternate members of the Beacon Hill Architectural Commission; and the City of Boston, Massachusetts, (collectively, the "City") hereby answers the Complaint (the "Complaint") as follows:

### **Introduction**

1. The introductory paragraph of the Complaint is an introduction to the lawsuit and as such does not require an answer. To the extent that this paragraph asserts claims against the City, they are denied.

### **Jurisdiction and Venue**

2. Paragraph 2 purports to assert a legal conclusion, to which no response is required. To the extent Paragraph 2 references statutes, the statutes speak for themselves.

3. Paragraph 3 purports to assert a legal conclusion, to which no response is required. To the extent Paragraph 3 references a statute, the statute speaks for itself.

## Parties

4. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5. Admitted.

6. Admitted.

7. Sentence 1 of Paragraph 7 is admitted. To the extent Sentence 2 of Paragraph 7 alleges Miguel Rosales acted as chair of the Commission during the June 20, 2019, hearing on Verizon Wireless' Application for a COA, admitted. To the extent that Sentence 2 of Paragraph 7 alleges Miguel Rosales acted as chair of the Commission during the November 15, 2018, hearing on Verizon Wireless' Application for a COA, denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. To the extent Paragraph 11 alleges Danielle Santos was at all times material to this action an alternate member of the Commission and is being named in that capacity, admitted. The remaining allegations in Paragraph 11 are denied.

## Factual Background

12. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

14. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Sentence 1 of Paragraph 16. To the extent that Sentence 2 of Paragraph 16 alleges the Property is located in the "11-2-65 Boston Proper Multifamily Residential zoning subdistrict", denied. The remainder of Sentence 2 of Paragraph 16 is admitted.

17. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Admitted.

19. Admitted.

20. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. To the extent that Paragraph 21 alleges the Board of Appeal held a hearing on February 27, 2018, and that the Board of Appeal voted to grant the requested Permit, admitted. The remainder of Paragraph 21 purports to characterize the contents of the decision of the Board of Appeal; the decision of the Board of Appeal speaks for itself.

22. Sentence 1 of Paragraph 22 is admitted. Sentence 2 of Paragraph 22 references Chapter 616 of the Acts of 1955 (the "Act"); the Act speaks for itself. To the extent that Sentence

3 of Paragraph 22 alleges the proposed PWS facility does not involve changes to "any architecturally significant features", denied. The remainder of Sentence 3 of Paragraph 22 is admitted. Sentence 4 of Paragraph 22 is admitted.

23. Sentence 1 of Paragraph 23 is admitted. Sentence 2 of Paragraph 23 is admitted. Sentence 3 of Paragraph 23 is denied. Sentence 4 of Paragraph 23 is admitted. Sentence 5 of Paragraph 23 is admitted.

24. To the extent Paragraph 24 alleges that on February 22, 2019, the Commission issued a decision denying the First COA application without prejudice, admitted. To the extent that Paragraph 24 references the text of the Commission's February 22, 2019, decision, the Commission's decision speaks for itself.

25. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Sentence 1 of Paragraph 25. To the extent that Sentence 2 of Paragraph 25 alleges that a mock-up was installed on the rooftop and a photographic study was conducted, admitted. To the extent that Paragraph 25 characterizes the contents of the "photographic study", the "photographic study" speaks for itself.

26. Sentence 1 of Paragraph 26 is admitted. Sentence 2 of Paragraph 26 is admitted. Sentence 3 of Paragraph 26 is admitted.[1] Sentence 4 of Paragraph 26 is admitted. Sentence 5 of Paragraph 26 is denied. Sentence 6 of Paragraph 26 is denied.

27. Sentence 1 of Paragraph 27 is admitted. The remainder of Paragraph 27 characterizes the contents of the Commission's "Decision"; the Decision speaks for itself.

28. To the extent that Sentence 1 of Paragraph 28 alleges that the Commission "approved other PWS facilities for other wireless providers that are located in the Historic Beacon Hill District and visible from public locations," admitted. The City is without knowledge

---

[1] The City notes that the Chair stopped the presentation because the Plaintiff's attorney exceeded his allotted time.

or information sufficient to form a belief as to the truth of the remaining allegations contained in Sentence 1 of Paragraph 28. To the extent that Sentence 2 of Paragraph 28 alleges that the Commission approved an installation at 15-27 Myrtle Street, admitted. The Commission is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Sentence 2 of Paragraph 28. The Commission is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Sentence 3 of Paragraph 28. The Commission is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Sentence 4 of Paragraph 28. To the extent that Sentence 5 of Paragraph 28 alleges the Commission approved an installation at 144 Chestnut Street, admitted. The Commission is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Sentence 5 of Paragraph 28. The Commission is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Sentence 6 of Paragraph 28.

29. Sentence 1 of Paragraph 29 is denied. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in remainder of Paragraph 29.

30. Paragraph 30 purports to assert legal conclusions, to which no responses are required. To the extent that Paragraph 30 alleges facts, they are denied. To the extent that Paragraph 30 references the Telecommunications Act of 1996, 47 U.S.C. §332 (the "TCA"), the TCA speaks for itself.

31. Sentence 1 of Paragraph 31 purports to assert a legal conclusion, to which no response is required. To the extent a response is required, the City is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Sentence 1 of Paragraph 31. Sentence 2 of Paragraph 31 purports to assert a legal conclusion, to which no response is required.

## COUNT I
**(Violation of TCA for Prohibiting or Having the Effect of Prohibiting PWS)**

32. The City repeats and incorporates each response contained in paragraphs 1 through 31 as though specifically set forth herein.

33. Paragraph 33 references the TCA; the TCA speaks for itself.

34. The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34. To the extent that Paragraph 34 alleges facts, they are denied.

35. Paragraph 35 purports to assert a legal conclusion, to which no response is required. To the extent that Paragraph 35 alleges facts, they are denied.

36. Sentence 1 of Paragraph 36 purports to assert a legal conclusion, to which no response is required. To the extent that Sentence 1 of Paragraph 36 alleges facts, they are denied. Sentence 2 of Paragraph 36 purports to assert a legal conclusion, to which no response is required. To the extent that Sentence 2 of Paragraph 36 alleges facts, they are denied.

37. Paragraph 37 purports to assert a legal conclusion, to which no response is required. To the extent that Paragraph 37 alleges facts, they are denied.

38. Paragraph 38 purports to assert a legal conclusion, to which no response is required. To the extent that Paragraph 38 alleges facts, they are denied.

39. Paragraph 39 purports to assert a legal conclusion, to which no response is required. To the extent that Paragraph 39 alleges facts, they are denied.

## COUNT II

**(Violation of TCA Because Denial Not Supported by Substantial Evidence)**

40. The City repeats and incorporates each response contained in paragraphs 1 through 39 as though specifically set forth herein.

41. Paragraph 41 references the TCA; the TCA speaks for itself.

42. Sentence 1 of Paragraph 42 purports to assert a legal conclusion, to which no response is required. To the extent that Sentence 1 of Paragraph 42 alleges facts, they are denied. Sentence 2 of Paragraph 42 is denied. Sentence 3 of Paragraph 42 purports to assert a legal conclusion, to which no response is required. To the extent that Sentence 3 of Paragraph 42 alleges facts, they are denied.

43. Paragraph 43 purports to assert a legal conclusion, to which no response is required. To the extent that Paragraph 43 alleges facts, they are denied.

44. Paragraph 44 purports to assert a legal conclusion, to which no response is required. To the extent that Paragraph 44 alleges facts, they are denied.

45. Paragraph 45 purports to asset legal conclusions, to which no response is required. To the extent that Paragraph 45 alleges facts, they are denied.

## COUNT III

46. A The City repeats and incorporates each response contained in paragraphs 1 through 45 as though specifically set forth herein.

47. Paragraph 47 references the TCA; the TCA speaks for itself.

48. To the extent Paragraph 48 alleges the "Commission has approved the installation within the Historic Beacon Hill District that are far more visible than the proposed Verizon Wireless PWS facility," the City is without knowledge or information sufficient to form a

belief as to the truth of the allegations. To the extent that Paragraph 48 references the contents of the Commission's Decision, the Decision speaks for itself.

49. Paragraph 49 purports to assert a legal conclusion, to which no response is required. To the extent that Paragraph 49 alleges facts, they are denied.

50. Paragraph 50 purports to assert a legal conclusion, to which no response is required. To the extent that Paragraph 50 alleges facts, they are denied.

51. Paragraph 51 purports to assert legal conclusions, to which no response is required. To the extent that Paragraph 51 alleges facts, they are denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

The City at all times relevant acted reasonably, within the scope of its official discretion, and with an objectively reasonable belief that its actions were lawful.

### FOURTH AFFIRMATIVE DEFENSE

The City states that at all times it acted in good faith and upon reasonable belief that its actions were required and in compliance with all relevant laws and circumstances.

### FIFTH AFFIRMATIVE DEFENSE

The City states that it was justified in its acts or conduct and therefore Plaintiff cannot recover.

### SIXTH AFFIRMATIVE DEFENSE

The City states that the actions of the Commission and its members are entitled to and protected by a qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action pursuant to Section 10 of Chapter 616 of the Acts of 1955, as amended.

## EIGHTH AFFIRMATIVE DEFENSE

The City hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this case and hereby reserves the right to amend this Answer and assert such defenses.

**WHEREFORE,** the City prays that this Honorable Court dismiss the Plaintiff's Complaint with prejudice and award the City any relief that it deems proper.

[Signature page and Certificate of Service on following page]

| | |
|---|---|
| Dated: November 8, 2019 | Respectfully submitted: |
| | **DEFENDANTS, BEACON HILL ARCHITECTURAL COMMISSION; MIGUEL ROSALES, PAUL J. DONNELLY, JOEL PIERCE, P.T. VINEBURGH, AND DANIELLE SANTOS, AS MEMBERS AND ALTERNATE MEMBERS OF THE BEACON HILL ARCHITECTURAL COMMISSION; AND THE CITY OF BOSTON, MASSACHUSETTS** |
| | By their attorneys: |
| | Eugene L. O'Flaherty, |
| | Corporation Counsel |
| | |
| | /s/ Nicholas O'Neill |
| | Nicholas O'Neill (BBO #703782) |
| | Sean Chen (BBO #678110) |
| | Assistant Corporation Counsel |
| | City of Boston Law Department |
| | City Hall, Room 615 |
| | Boston, MA 02201 |
| | (617) 435-4048 |
| | (617) 635-4936 |
| | nicholas.o'neill@boston.gov |
| | sean.chen@boston.gov |

**CERTIFICATE OF SERVICE**

I, Nicholas O'Neill, hereby certify that I served a true copy of the above document to all parties of record via this court's electronic filing system and upon those non-registered participants via first-class mail.

| | |
|---|---|
| Date: November 8, 2019 | /s/ Nicholas O'Neill |